**Amendment(s) identified with \*asterisk**

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| MICHAEL ROBERT RAY | Case Number: 4:02CR687TLW(1) |
| | USM Number: 40860-019 |
| **Date of Original Judgment**: October 25, 2004 | |
| *(or Date of Last Amended Judgment)* | A. Carmichael Stephens, CJA |
| | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563(e) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

■ Modification of Restitution Order (18 U.S.C.§3664)

**THE DEFENDANT:**

■ pleaded guilty to Count(s) one (1), two (2), three (3), four (4), five (5) and six (6) of the felony information on August 28, 2002.

☐ pleaded nolo contendere to Count(s) on which was accepted by the court.

☐ was found guilty on Count(s) on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1341 | Please see felony information | 12/28/00 | 1 |
| 18:1341 | Please see felony information | 12/26/00 | 2 |
| 18:1341 | Please see felony information | 12/27/00 | 3 |
| 18:1341 | Please see felony information | 12/29/00 | 4 |
| 18:1344 | Please see felony information | 12/19/01 | 5 |
| 18:1344 | Please see felony information | 12/28/01 | 6 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 25, 2004
Date of Imposition of Judgment

*Terry L. Wooten*
Signature of Judge

Terry L. Wooten, United States District Judge
Name and Title of Judge

*September 17, 2010*
Date

DEFENDANT: MICHAEL ROBERT RAY
CASE NUMBER: 4:02CR0687 (001)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months as to Counts one (1), two (2), three (3) and four (4) to run concurrently and a term of seventy (70) months as to each of Counts five (5) and six (6) to run currently with each other and concurrent with Counts one (1), two (2), three (3) and four (4). In accordance with the ruling from the Fourth Circuit Court of Appeals on August 2, 2004 (U.S. v. Hammoud), and in the event the U.S. Sentencing Guidelines are found to be nonbinding on the sentencing courts, the Court treats the Guidelines as advisory and imposes the sentence in this case pursuant to 18 U.S.C. § 3553.

■ The court makes the following recommendations to the Bureau of Prisons:
   1. That the defendant be evaluated for and receive drug/alcohol treatment if deemed appropriate.

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at a.m./p.m. on.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
     Deputy United States Marshal

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT: <u>MICHAEL ROBERT RAY</u>
CASE NUMBER: <u>4:02CR0687</u> (001)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>three (3) years</u> as to Counts one (1), two (2), three (3) and four (4) and five (5) years as to Counts five (5) and six (6), all such terms to run concurrent. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special condition:

1. The defendant shall pay the balance of the restitution at a rate of $1,000.00 monthly until paid in full.
2. The defendant shall provide financial statements to the Probation Officer as required by the Probation Officer.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☐ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL ROBERT RAY
CASE NUMBER: 4:02CR0687 (001)

## CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | **$600.00** |  | * $166,806.96 |
|  |  |  | * **$159,806.96** |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case* will be entered after such determination.

■ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column listed on the next page. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

### SEE VICTIMS LIST ON THE NEXT PAGE

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■   The interest requirement is waived for the ☐ fine and/or ■ restitution.
    ☐   The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT NAME: MICHAEL ROBERT RAY
CASE NUMBER: 4:02CR00687-001

## RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|---|
| 1 | MBNA America | $11,837.00 | | |
| 2 | Household Credit Services, Inc. | $8,920.57 | | |
| 3 | Wachovia Bank Attention: Loss Management Department | $14,604.00 | | |
| 4 | First USA Bank One Attention: Restitution Payment | $4,466.00 | | |
| 5 | Capitol One, F.S.B. Attention: Payments Processing | $10,209.22 | | |
| 6 | Oakmont Homeowners' Association Attention: Gretchen Paul | $7,200.00 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME: <u>MICHAEL ROBERT RAY</u>
CASE NUMBER: 4:02CR00687-001

| 7 | Tanglewood Homeowners' Association of Myrtle Beach | $15,076.15 | | |
|---|---|---|---|---|
| 8 | Coastal Federal Bank | $7,000.00 | | |
| 9 | Horry County State Bank | * ~~$7,000.00~~<br>* $0.00<br>(per text Order, entry 41, filed 4/22/2008) | | |
| 10 | Sun Bank | $7,500.00 | | |
| 11 | Margaret Devores | $48,671.00 | | |
| 12 | P & L Bark Attention: Lloyd Watkins | $2,388.42 | | |
| 13 | Paul R. Mow | $1,814.00 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME:   MICHAEL ROBERT RAY
CASE NUMBER:       4:02CR00687-001

| | | | | |
|---|---|---|---|---|
| 14 | E. Alan Willingham | $660.23 | | |
| 15 | Bramantyo Bimo Agung | $1,010.00 | | |
| 16 | Yusuf G. Noorani | $452.80 | | |
| 17 | Robin L. Musch | $1,055.00 | | |
| 18 | Pablo Harriague | $1,635.00 | | |
| 19 | Brian K. Thompson | $290.60 | | |
| 20 | Brian McMullen | $658.50 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME: <u>MICHAEL ROBERT RAY</u>
CASE NUMBER: 4:02CR00687-001

| | | | | |
|---|---|---|---|---|
| 21 | Charles W. Gilson | $666.05 | | |
| 22 | Phillip Schermerhorn | $635.85 | | |
| 23 | Stephanie R. Comer | $649.95 | | |
| 24 | Douglas M. Roberson | $652.55 | | |
| 25 | Josephina Pinedo / Mark McKinley | $1,355.00 | | |
| 26 | Jerry Pinkham | $611.00 | | |
| 27 | Robert M. Willis, III | $1,101.00 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME: MICHAEL ROBERT RAY
CASE NUMBER: 4:02CR00687-001

| | | | | |
|---|---|---|---|---|
| 28 | Pablo Harriague | $1,500.00 | | |
| 29 | Angela L. Scontrino | $376.45 | | |
| 30 | Robert H. Oliver | $1,342.06 | | |
| 31 | Ryan P. Quinnan | $362.50 | | |
| 32 | Len P.R. Granick | $363.00 | | |
| 33 | Thomas A. Leonidas, Jr. | $450.00 | | |
| 34 | David W. Henry | $355.00 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME:   MICHAEL ROBERT RAY
CASE NUMBER:      4:02CR00687-001

| | | | | |
|---|---|---|---|---|
| 35 | David Baker | $360.00 | | |
| 36 | John J. Forti | $360.00 | | |
| 37 | Susan K. Connell | $363.01 | | |
| 38 | Larry E. Hollenbeck | $726.50 | | |
| 39 | Charles L. Scarbrough | $348.01 | | |
| 40 | Linda M. Epifano | $1,423.54 | | |
| 41 | David J. Robinson | $357.00 | | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME:   MICHAEL ROBERT RAY
CASE NUMBER:      4:02CR00687-001

| | TOTAL | * ~~$166,806.96~~<br>* $159,806.96 | * ~~$166,806.96~~<br>* $159,806.96 | |
|---|---|---|---|---|

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
    Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: MICHAEL ROBERT RAY
CASE NUMBER: 4:02CR0687 (001)

# SCHEDULE OF PAYMENTS

Payment of the total criminal monetary penalties shall be due as follows:

A ■ Lump sum payment of $600.00 (special assessment) and $166,806.96 (restitution) **\*$159,806.96** due immediately, balance due

    ☐ not later than ,

    ■ or in accordance with   ☐ C,  ■ D, or  ☐ E below; or

B ☐ Payments to begin immediately (may be combined with   ☐ C,  ☐ D, or  ☐ E below); or

C ☐ Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ■ Payments to the Clerk, U.S. District Court in the amount of $1,000.00 monthly after release from imprisonment to a term of supervision. Restitution shall be paid first to Ms. Dvores and the twenty-nine internet fraud victims based on the percentage of loss. After which, the remaining victims shall be paid based on the percentage of the loss.

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.


☐ Joint and Several
    Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.